IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SERAFINA ORTIZ AND ROSA ROGEL, on behalf of themselves, and all other plaintiffs similarly situated, known and unknown, <br><br> Plaintiffs <br><br> v. <br><br> MIDWEST EXCHANGE ENTERPRISES, INC., ALEJANDRO CASILLAS, INDIVIDUALLY AND NINA CASILLAS, INDIVIDUALLY <br><br> Defendants | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 16 cv <br><br> Honorable Judge <br><br> Magistrate Judge <br><br> **_JURY DEMAND_** |

## COMPLAINT

NOW COME Plaintiffs, SERAFINA ORTIZ AND ROSA ROGEL, on behalf of themselves and all other Plaintiffs similarly situated, by and through their attorney, JOHN W. BILLHORN, and for their Complaint against Defendants, MIDWEST EXCHANGE ENTERPRISES, INC., ALEJANDRO CASILLAS, INDIVIDUALLY AND NINA CASILLAS, INDIVIDUALLY, states as follows:

I. **NATURE OF ACTION**

1. This action is brought under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, the Portal-to-Portal Act, 29 U.S.C. §251 *et seq.* and the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq.*

II. **JURISDICTION AND VENUE**

2. Jurisdiction arises under the provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 206-207, the Portal-to-Portal Act, 29 U.S.C. §251 *et seq.*, and for the supplemental Illinois statutory claims, pursuant to 28 U.S.C. §1367. Venue lies in the Northern District of Illinois in that during all times relevant to the employment relationship, Plaintiffs performed work in this district and are residents of this district and Defendants are or were engaged in business in this district.

### III. THE PARTIES

3. Defendant, **MIDWEST EXCHANGE ENTERPRISES, INC.,** is a plastics recycling manufacturing company. As such, Defendant's services qualify as an enterprise engaged in commerce as defined by the FLSA. During all relevant times Defendant was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiffs and therefore, as defined under both the federal and state statutes relied upon, is an "employer."

4. Defendants, **ALEJANDRO CASILLAS AND NINA CASILLAS,** are owners of **MIDWEST EXCHANGE ENTERPRISES, INC.,** and at all times relevant hereto were acting directly or indirectly in the interest of the employer in relation to the employee Plaintiffs and therefore as defined under both the federal and state statutes relied upon, are "employers".

5. Plaintiffs, **SERAFINA ORTIZ AND ROSA ROGEL,** are current employees who perform work for Defendants as laborers in the manufacturing department (hereinafter referred to as "the named Plaintiffs"). All other unnamed Plaintiffs known and unknown (hereinafter referred to as "members of the Plaintiff Class" or "similarly situated Plaintiffs"), are past or present employees who work or worked for Defendants as described above. As employees performing duties for an enterprise engaged in commerce, the named Plaintiffs and all members of the Plaintiff Class were also engaged in commerce as defined by the FLSA.

6. The claims brought herein by the named Plaintiffs are identical or similar to the claims of other past and present employees who were subject to the non-compliant policies and practices alleged herein.

7. The non-compliant practices as alleged herein were part of a variety of practices and policies implemented and maintained by Defendants and are common to a group or "class" of past and present employees. Those past and present employees are entitled to receive Notice of these proceedings and afforded opportunity to join their individual claims.

IV. **STATUTORY VIOLATIONS**

**Collective Action Under The Fair Labor Standards Act**

8. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b), Count I of this action is brought by Plaintiffs as an opt-in representative or collective action, on behalf of themselves and other Plaintiffs similarly situated who have been damaged by Defendants' failure to comply with 29 U.S.C. §201 *et seq.* and §251 *et seq.* Count II alleges a willful violation of the FLSA and seeks an additional third year of limitations. Count III seeks liquidated damages under the Fair Labor Standards Act, Section 260.

**Illinois Minimum Wage Law**

9. Pursuant to the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq.*, Count IV of this action is brought by Plaintiffs to recover unpaid back wages earned on or before the date three (3) years prior to the filing of this action. Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count IV.

V. **FACTUAL ALLEGATIONS RELEVANT TO ALL COUNTS**

10. Plaintiffs at all times pertinent to the cause of action were employed by Defendants, said employment being integral and indispensable to Defendants' business.

11. Plaintiffs worked as laborers in the manufacturing department. The job duties of Plaintiffs qualify Plaintiffs as employees under the provisions of the FLSA and the pendent state statues.

12. Plaintiffs and members of the Plaintiff class are paid for their work hours at an hourly rate of pay. Certain work performed over 40 hours per work week is paid at time and a half their regular rate of pay.

13. During all times pertinent hereto, Plaintiffs and members of the Plaintiff class regularly worked off the clock each morning prior to the start of their paid shift.

3

14. Additionally Plaintiffs and member of the Plaintiff class were required to attend mandatory meetings at the end of their day on average 30-45 minutes, three to four times per month, or more as required by owners/management, without pay for that time.

15. In some instances the unpaid time as explained above should have been compensated at time and one-half the workers' regular hourly rates because if the unpaid time was properly treated as compensable, the workers would have been over 40 hours in particular workweeks. In other instances, the unpaid time should have compensated at the workers' regular hourly rates pursuant to the requirements of the federal and state statutes herein relied upon.

## COUNT I

## VIOLATION OF FAIR LABOR STANDARDS ACT

1-15. Paragraphs 1 through 16 are re-alleged and incorporated as though set forth fully herein as paragraphs 1 through 16 of this Count I.

17. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, and the Portal-to-Portal Act, 29 U.S.C. §251 *et seq.,* the named Plaintiffs, and all other Plaintiffs similarly situated, known and unknown, are entitled to compensation for all hours worked and compensation at a rate not less than one and one-half times the regular rate of pay for all hours worked in excess of forty (40) hours, in any week during the two (2) years preceding the filing of this action.

18. Defendants have at all times relevant hereto failed and refused to pay compensation to their employees, including the named Plaintiffs herein, and all other Plaintiffs similarly situated, known and unknown, as described above.

WHEREFORE, Plaintiffs, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a) awarding back pay equal to the amount of all unpaid overtime compensation for the two (2) years preceding the filing of this Complaint, according to the applicable statute of limitations;

(b) awarding prejudgment interest with respect to the total amount of unpaid overtime compensation;

4

(c) awarding Plaintiffs' reasonable attorney's fees and costs incurred as a result of Defendants' violations of the Fair Labor Standards Act; and,

(d) for such additional relief as the Court deems appropriate under the circumstances.

## COUNT II

### WILLFUL VIOLATION OF THE FAIR LABOR STANDARDS ACT

1-18. Paragraphs 1 through 18 of Count I are realleged and incorporated as though set forth fully herein as Paragraphs 1 through 18 of Count II.

19. Defendants' actions as complained of above were done with Defendants' knowledge that the compensation policies and practices at issue were in violation of the statutes alleged, or with a reckless disregard for whether or not the policy and practice were in violation of those statutes.

20. Pursuant to the Fair Labor Standards Act, Plaintiffs and all other employees similarly situated, past or present, are entitled to compensation at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40), in the three (3) years preceding the filing of this complaint.

WHEREFORE, Plaintiffs on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a) awarding back pay equal to the amount of all unpaid compensation for one (1) additional year, totaling three (3) years preceding the filing of this Complaint;

(b) awarding prejudgment interest with respect to the amount of unpaid overtime compensation;

(c) awarding Plaintiffs' reasonable attorney's fees and Court costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

(d) for such additional relief the Court deems appropriate under the circumstances.

## COUNT III

## LIQUIDATED DAMAGES
## UNDER THE FAIR LABOR STANDARDS ACT

1-20. Paragraphs 1 through 20 of Count II are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 20 of Count III.

21. In denying the named Plaintiffs and members of the Plaintiff Class compensation as described above, Defendants' acts were not based upon good faith or reasonable grounds.

22. The named Plaintiffs and all other past and present employees similarly situated, known and unknown, are entitled to liquidated damages equal to the amount of all unpaid compensation, pursuant to 29 U.S.C. §260.

WHEREFORE, Plaintiffs, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a) awarding liquidated damages equal to the amount of all unpaid compensation;

(b) awarding Plaintiff's reasonable attorney's fees and costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

(c) for such additional relief the Court deems appropriate under the circumstances.

## COUNT IV

## SUPPLEMENTAL STATE LAW CLAIM
## VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW

1-22. Paragraphs 1 through 22 of Count III are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 22 of this Count IV.

23. As described in the foregoing paragraphs, Defendants' compensation policies and practices are in violation of the Illinois Minimum Wage Law, 820 ILCS §115/1 *et seq.*

24. The Illinois Minimum Wage Law provides that an employer who fails to pay the required amount of wages due an employee under the law shall be liable to the underpaid

employee or employees for the unpaid wages and for an additional penalty in the amount of 2% of the amount of such underpayments for each month following the date such underpayments remain unpaid.

25. Defendants' failure to pay compensation as described above, has been willful and/or in bad faith.

WHEREFORE, Plaintiffs, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a) declaring and decreeing Defendants' compensation practices as described herein, and such other violations which may come to light during the prosecution of this matter, in violation of the provisions of the Illinois Minimum Wage Law;

(b) awarding an amount of damages, to be shown by the evidence, to which Plaintiffs and other members of the Plaintiff Class are entitled;

(c) allowing this Court to retain jurisdiction of the case until such time it is assured Defendants have remedied the compensation policies and practices complained of herein and are determined to be in full compliance with the law;

(d) directing Defendants to pay to Plaintiffs' reasonable attorney's fees, costs, and litigation expenses, as provided by statute;

(e) for such additional relief the Court deems just and appropriate under the circumstances.

<u>COUNT V</u>

<u>SUPPLEMENTAL STATE LAW CLAIM</u>
<u>VIOLATION OF THE ILLINOIS WAGE PAYMENT AND COLLECTION ACT</u>
<u>UNAUTHORIZED DEDUCTIONS</u>

1-25. Plaintiff hereby re-alleges and incorporates paragraphs 1 through 25 of this Complaint, as if fully set forth herein.

26. During the course of Plaintiffs' employment, Defendants made deductions from Plaintiffs' and similarly situated employees' wages for uniforms and 'damages'.

27. Such deductions and fines (1) were not required by law; (2) were not to Plaintiffs' or the Class' benefit; (3) were not in response to a valid wage assignment or

wage deduction order; and (4) were not made with the express written consent of Plaintiffs, given freely at the time the deductions were made.

35. Defendants violated the IWPCA, 820 ILCS 115/9, by making unauthorized and unlawful deductions from Plaintiffs' wages.

36. Plaintiffs were damaged by Defendants' violation of the IWPCA.

WHEREFORE, Plaintiffs, on behalf of themselves and all other plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a) awarding an amount of statutory damages pursuant to the formula set forth in 820 ILCS 115/14(a);

(b) directing Defendants to pay to Plaintiffs' reasonable attorneys' fees and costs of this action;

(c) determining the rights of the parties and directing Defendants to account for all unauthorized deductions to Plaintiffs during his employment;

(e) granting an injunction precluding Defendants from violating the IWPCA, 820 ILCS 115/1 *et seq.*; and,

(f) for such additional relief as this Court deems appropriate and just under the circumstances.

Respectfully submitted,

*Electronically Filed 10/24/2016*

/s/ John W. Billhorn
_____
John William Billhorn


BILLHORN LAW FIRM
53 West Jackson Blvd., Suite 840
Chicago, IL 60604
(312) 853-1450

Attorney for Plaintiffs, and all other Plaintiffs similarly situated, known or unknown.